IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PABTEX, INC., § | | |
| § | | |
| Plaintiff, § | CIVIL ACTION NO. 3:24-CV-84 | |
| § | | |
| VS. § | | |
| § | | |
| M/V ARUNA CENGIZ, HER § | | |
| ENGINES, MACHINERY, TACKLE, § | IN ADMIRALTY | |
| APPURTENANCES, APPAREL, ETC., § | FED. R. CIV. P. 9(h) | |
| *in rem*, § | | |
| § | | |
| STAR MARITIME INC., and § | | |
| ARUNA SHIPPING LTD CORP § | | |
| *in personam* § | | |
| § | | |
| Defendants. § | | |

**THE ARUNA CENGIZ INTERESTS' ANSWER
TO PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT**

NOW COME, Star Maritime Inc. ("Star"), on behalf of itself *in personam*, and pursuant to its Statement of Right or Interest as owner of the M/V ARUNA CENGIZ, as the registered owner of *in rem* defendant, M/V ARUNA CENGIZ, IMO No. 9552331, her engines, tackle, etc. ("ARUNA" or "Vessel"), and Aruna Shipping Ltd. Corp., *in personam* ("Aruna Shipping," collectively with Star and the Vessel, the "Aruna Interests"), to file their Answer to Plaintiff's Verified Original Complaint ("Complaint") and respectfully allege and aver as follows:

**FIRST DEFENSE**

The Aruna Interests deny any and all allegations not specifically addressed herein and deny any and all unnumbered or misnumbered paragraphs.

## SECOND DEFENSE

The Complaint fails to state a claim or cause of action, in whole or in part, upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's damages or injuries, if any, were caused in whole or in part by its own negligence, fault, assumption of the risk, and/or failure to mitigate, which are pleaded in bar or diminution of Plaintiff's claims.

## FOURTH DEFENSE

**AND NOW,** answering specifically the numbered paragraphs of Plaintiff's Complaint, the Aruna Interests respond as follows:

1.

The allegations of Paragraph 1 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 1 are denied for lack of sufficient information to form a belief therein except that the Aruna Interests admit that this Court has admiralty jurisdiction over this matter.

2.

The allegations of Paragraph 2 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 2 are denied except that the Aruna Interests admit that this Court has admiralty jurisdiction over this matter.

3.

The allegations of Paragraph 3 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 3 are

denied except that the Aruna Interests admit the Vessel bears IMO no. 9552331 and that venue is proper in this Court.

4.

The allegations in Paragraph 4 are denied for lack of sufficient information to form a belief therein.

5.

The allegations in Paragraph 5 are denied except that the Aruna Interests admit the Vessel bears IMO no. 9552331 with call sign V7YJ8, is registered in the Marshall Islands, and owned by Star.

6.

The allegations of Paragraph 6 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 6 are denied except that the Aruna Interests admit that Star and Aruna Shipping are foreign entities not registered to do business in Texas and that the Vessel, at times, calls on ports located in the State of Texas.

7.

The allegations of Paragraph 7 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 7 are denied.

8.

The allegations of Paragraph 8 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 8 are denied.

9.

The allegations in Paragraph 9 are denied for lack of sufficient information to form a belief therein.

10.

The allegations in Paragraph 10 are denied except that the Vessel was moored at the Pabtex dock for loading operations on March 18, 2024.

11.

Aruna Interests' responses to the allegations in Paragraphs 1-10 are restated and incorporated herein.

12.

The allegations of Paragraph 12 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 12 are denied.

13.

The allegations in Paragraph 13, including its subsections "a." through "i." are denied.

14.

The allegations of Paragraph 14 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 14 are denied.

15.

The allegations of Paragraph 15, including its subsections "a." through "c." are denied.

16.

Aruna Interests' responses to the allegations in Paragraphs 1-15 are restated and incorporated herein.

17.

The allegations of Paragraph 17 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 17 are denied.

18.

The allegations of Paragraph 18, including its subsections "a." through "b." are denied.

19.

The allegations in Paragraph 19 are denied.

20.

The allegations in Paragraph 20 are denied.

21.

The allegations in Paragraph 21 are denied.

22.

The allegations of Paragraph 22 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 22 are denied.

23.

The allegations of Paragraph 23 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 23 are

denied and the Aruna Interests object to a request for special bond or security beyond what the Aruna Interests have already provided.

24.

The allegations of Paragraph 24 state legal conclusions that do not require a response from the Aruna Interests.  To the extent that a response is required, the allegations in Paragraph 24 are denied.

The unnumbered paragraphs following Paragraph 24 contain a prayer for relief to which no response is required. To the extent a response is deemed required, Aruna Interests denies each and every allegation contained in the prayer for relief.

## FIFTH DEFENSE

The alleged injuries complained of, if any, were not caused by any acts or omissions on the part of the Aruna Interests, its employees, agents, or other person for which they may be responsible, and therefore the Aruna Interests bear no liability.

## SIXTH DEFENSE

The damages alleged by Plaintiff were the direct and proximate result of the acts and/or omissions of others over whom the Aruna Interests had no control and for whose acts and omissions the Aruna Interests are not responsible, whether or not named as parties to this action, and in the event that the Aruna Interests are found liable to Plaintiff, which liability is expressly denied, such liability is limited to the Aruna Interests' proportionate share of any common liability.

## SEVENTH DEFENSE

Plaintiff has failed to join necessary and/or indispensable parties and/or failed to join all persons necessary for the just adjudication of this action.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's conduct in voluntarily and knowingly assuming an unreasonable risk of injury and/or damage.

## NINTH DEFENSE

The Aruna Interests pleads the defenses of *laches,* injury by fellow servant, *res judicata*, statute of limitations, payment, waiver, estoppel, spoliation of evidence, set off, and credit as appropriate under the law.

## TENTH DEFENSE

Plaintiff's terminal was not properly designed, constructed, secured, equipped, marked, or operated and constituted a hazard to navigation, barring or diminishing any recovery for the damages alleged in its Complaint.

## ELEVENTH DEFENSE

The Aruna Interests specifically aver that the incident described in the Complaint arose out of certain risks, dangers, and hazards, all of which were plainly observable, open, and obvious, and well known to Plaintiff on or before the time of the alleged incident, and all of said risks, dangers, and hazards were seen, known, and understood by Plaintiff.

## TWELFTH DEFENSE

The Aruna Interests deny that Plaintiff sustained any damage as alleged in the Complaint. However, should it be found that Plaintiff was damaged under the circumstances outlined in the Complaint, which is specifically denied, the Aruna Interests will show that such alleged damages were caused by superseding or intervening fault, negligence, inattention, or omissions, which superseding and/or intervening fault, negligence, inattention and/or omissions were caused solely and completely by persons, parties or entities for whom the Aruna Interests are not legally

responsible. It is specifically denied that Aruna Interests was negligent in any way, or in any way caused or contributed to the alleged damages sustained by Plaintiff in this action.

### THIRTEENTH DEFENSE

The Aruna Interests deny that Plaintiff sustained any damages as alleged in the Complaint; however, should it be found that Plaintiff was injured under the circumstances outlined in the Complaint, which is denied, the Aruna Interests would show that the damages complained of by Plaintiff were not caused by the incident made the basis of this lawsuit and, further, in the alternative, the damages complained of by Plaintiff are the result of pre-existing conditions of Plaintiff which predated the date of the alleged incident complained of in the Complaint.

### FOURTEENTH DEFENSE

The Aruna Interests deny that Plaintiff sustained any damage as alleged in the Complaint; however, should it be found that Plaintiff was damaged under the circumstances outlined in the Complaint, which is denied, the Aruna Interests would show that Plaintiff failed to exercise reasonable care and diligence to prevent avoidable consequences of the damage, resulting in a failure to mitigate its damages, which failure on the part of Plaintiff is specifically pleaded as a complete and total bar to, or in diminution of, any recovery by Plaintiff in this action.

### FIFTEENTH DEFENSE

For further answer and without waiving the foregoing, the Aruna Interests assert their right to a proportionate reduction of any damages found against them, based on the negligence attributable to any settling tortfeasor and/or any responsible third party.

### SIXTEENTH DEFENSE

Plaintiff's damages, if any, should be reduced due to the doctrines of depreciation and betterment.

## SEVENTEENTH DEFENSE

The Aruna Interests reserve the right to add affirmative defenses as it deems necessary to its defense during or upon completion of discovery and/or to assert any defenses asserted by any other defendants and/or allowed by applicable law.

## PRAYER

**WHEREFORE**, Star Maritime Inc. ("Star"), on behalf of itself and pursuant to its Statement of Right or Interest as owner of the M/V ARUNA CENGIZ, as the registered owner of *in rem* defendant, M/V ARUNA CENGIZ, her engines, tackle, etc., and Aruna Shipping Ltd. Corp. pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment in Defendants' favor and against Plaintiff Pabtex, Inc. dismissing Plaintiff's claims *with prejudice*, at Plaintiff's cost, and finding that Defendants are not liable to any individual or entity, and for such other legal, general, and equitable relief as may be appropriate under the law.

Respectfully submitted,

*/s/ David L. Reisman*
David L. Reisman
Attorney in Charge
State Bar No. 24039691
Fed. ID No. 3591037
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: dreisman@liskow.com

Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile:  (713) 651-2908
Email:  jspatzwall@liskow.com

**ATTORNEYS FOR STAR MARITIME INC. AND ARUNA SHIPPING LTD. CORP.**, *in personam*, **AND THE M/V ARUNA CENGIZ, HER ENGINES, TACKLE, ETC.,** *in rem*.

### CERTIFICATE OF SERVICE

I certify that I filed the foregoing answer on June 7th, 2024, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the electronic case filing system of the United States District Court For The Southern District Of Texas, Galveston Division.

*/s/David L. Reisman*
David L. Reisman