IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PABTEX, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:24-CV-84 |
| | § | |
| VS. | § | |
| | § | |
| M/V ARUNA CENGIZ, HER | § | |
| ENGINES, MACHINERY, TACKLE, | § | IN ADMIRALTY |
| APPURTENANCES, APPAREL, ETC., | § | FED. R. CIV. P. 9(h) |
| *in rem*, | § | |
| | § | |
| STAR MARITIME INC., and | § | |
| ARUNA SHIPPING LTD CORP | § | |
| *in personam* | § | |
| | § | |
| Defendants. | § | |

## THE ARUNA CENGIZ INTERESTS' FIRST AMENDED ANSWER
## TO PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT AND COUNTERCLAIM

NOW COME, Star Maritime Inc. ("Star"), on behalf of itself *in personam*, and pursuant to its Statement of Right or Interest as owner of the M/V ARUNA CENGIZ, as the registered owner of *in rem* defendant, M/V ARUNA CENGIZ, IMO No. 9552331, her engines, tackle, etc. ("ARUNA" or "Vessel"), and Aruna Shipping Ltd. Corp., *in personam* ("Aruna Shipping," collectively with Star and the Vessel, the "Aruna Interests"), to file their Amended Answer to Plaintiff, Pabtex, Inc.'s Verified Original Complaint ("Complaint") and respectfully allege and aver as follows:

### FIRST DEFENSE

The Aruna Interests deny any and all allegations not specifically addressed herein and deny any and all unnumbered or misnumbered paragraphs.

## SECOND DEFENSE

The Complaint fails to state a claim or cause of action, in whole or in part, upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's damages or injuries, if any, were caused in whole or in part by its own negligence, fault, assumption of the risk, and/or failure to mitigate, which are pleaded in bar or diminution of Plaintiff's claims.

## FOURTH DEFENSE

**AND NOW,** answering specifically the numbered paragraphs of Plaintiff's Complaint, the Aruna Interests respond as follows:

1.

The allegations in Paragraph 1 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 1 are denied for lack of sufficient information to form a belief therein except that the Aruna Interests admit that this Court has admiralty jurisdiction over this matter.

2.

The allegations inf Paragraph 2 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 2 are denied except that the Aruna Interests admit that this Court has admiralty jurisdiction over this matter.

3.

The allegations in Paragraph 3 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 3 are denied except that the Aruna Interests admit the Vessel bears IMO no. 9552331 and that venue is proper in this Court.

4.

The allegations in Paragraph 4 are denied for lack of sufficient information to form a belief therein.

5.

The allegations in Paragraph 5 are denied except that the Aruna Interests admit the Vessel bears IMO no. 9552331 with call sign V7YJ8, is registered in the Marshall Islands, and owned by Star.

6.

The allegations in Paragraph 6 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 6 are denied except that the Aruna Interests admit that Star and Aruna Shipping are foreign entities not registered to do business in Texas and that the Vessel, at times, calls on ports located in the State of Texas.

7.

The allegations in Paragraph 7 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 7 are denied.

8.

The allegations in Paragraph 8 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 8 are denied.

9.

The allegations in Paragraph 9 are denied for lack of sufficient information to form a belief therein.

10.

The allegations in Paragraph 10 are denied except that the Aruna Interests admit that the Vessel was moored at the Pabtex dock for loading operations on March 18, 2024.

11.

Aruna Interests' responses to the allegations in Paragraphs 1-10 are restated and incorporated herein.

12.

The allegations inf Paragraph 12 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 12 are denied.

13.

The allegations in Paragraph 13, including its subsections "a." through "i." are denied.

14.

The allegations in Paragraph 14 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 14 are denied.

15.

The allegations in Paragraph 15, including its subsections "a." through "c." are denied.

16.

Aruna Interests' responses to the allegations in Paragraphs 1-15 are restated and incorporated herein.

17.

The allegations inf Paragraph 17 state legal conclusions that do not require a response from the Aruna Interests.  To the extent that a response is required, the allegations in Paragraph 17 are denied.

18.

The allegations of Paragraph 18, including its subsections "a." through "b." are denied.

19.

The allegations in Paragraph 19 are denied.

20.

The allegations in Paragraph 20 are denied.

21.

The allegations in Paragraph 21 are denied.

22.

The allegations of Paragraph 22 state legal conclusions that do not require a response from the Aruna Interests.  To the extent that a response is required, the allegations in Paragraph 22 are denied.

23.

The allegations of Paragraph 23 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 23 are denied and the Aruna Interests object to a request for special bond or security beyond what the Aruna Interests have already provided.

24.

The allegations of Paragraph 24 state legal conclusions that do not require a response from the Aruna Interests. To the extent that a response is required, the allegations in Paragraph 24 are denied.

25.

The unnumbered paragraphs following Paragraph 24 contain a prayer for relief to which no response is required. To the extent a response is deemed required, Aruna Interests denies each and every allegation contained in the prayer for relief.

**FIFTH DEFENSE**

The alleged injuries complained of, if any, were not caused by any acts or omissions on the part of the Aruna Interests, its employees, agents, or other person for which they may be responsible, and therefore the Aruna Interests bear no liability.

**SIXTH DEFENSE**

The damages alleged by Plaintiff were the direct and proximate result of the acts and/or omissions of others over whom the Aruna Interests had no control and for whose acts and omissions the Aruna Interests are not responsible, whether or not named as parties to this action, and in the event that the Aruna Interests are found liable to Plaintiff, which liability is expressly

denied, such liability is limited to the Aruna Interests' proportionate share of any common liability.

## SEVENTH DEFENSE

Plaintiff has failed to join necessary and/or indispensable parties and/or failed to join all persons necessary for the just adjudication of this action.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's conduct in voluntarily and knowingly assuming an unreasonable risk of injury and/or damage.

## NINTH DEFENSE

The Aruna Interests pleads the defenses of *laches,* injury by fellow servant, *res judicata*, statute of limitations, payment, waiver, estoppel, spoliation of evidence, set off, and credit as appropriate under the law.

## TENTH DEFENSE

Plaintiff's terminal was not properly designed, constructed, secured, equipped, marked, or operated and constituted a hazard to navigation, barring or diminishing any recovery for the damages alleged in its Complaint.

## ELEVENTH DEFENSE

The Aruna Interests specifically aver that the incident described in the Complaint arose out of certain risks, dangers, and hazards, all of which were plainly observable, open, and obvious,

and well known to Plaintiff on or before the time of the alleged incident, and all of said risks, dangers, and hazards were seen, known, and understood by Plaintiff.

**TWELFTH DEFENSE**

The Aruna Interests deny that Plaintiff sustained any damage as alleged in the Complaint. However, should it be found that Plaintiff was damaged under the circumstances outlined in the Complaint, which is specifically denied, the Aruna Interests will show that such alleged damages were caused by superseding or intervening fault, negligence, inattention, or omissions, which superseding and/or intervening fault, negligence, inattention and/or omissions were caused solely and completely by persons, parties or entities for whom the Aruna Interests are not legally responsible. It is specifically denied that Aruna Interests was negligent in any way, or in any way caused or contributed to the alleged damages sustained by Plaintiff in this action.

**THIRTEENTH DEFENSE**

The Aruna Interests deny that Plaintiff sustained any damages as alleged in the Complaint; however, should it be found that Plaintiff was damaged under the circumstances outlined in the Complaint, which is denied, the Aruna Interests would show that the damages complained of by Plaintiff were not caused by the incident made the basis of this lawsuit and, further, in the alternative, the damages complained of by Plaintiff are the result of pre-existing conditions, acts, and omissions of Plaintiff and/or its property which predated the date of the alleged incident complained of in the Complaint.

**FOURTEENTH DEFENSE**

The Aruna Interests deny that Plaintiff sustained any damage as alleged in the Complaint; however, should it be found that Plaintiff was damaged under the circumstances outlined in the Complaint, which is denied, the Aruna Interests would show that Plaintiff failed to exercise

reasonable care and diligence to prevent avoidable consequences of the damage, resulting in a failure to mitigate its damages, which failure on the part of Plaintiff is specifically pleaded as a complete and total bar to, or in diminution of, any recovery by Plaintiff in this action.

## FIFTEENTH DEFENSE

For further answer and without waiving the foregoing, the Aruna Interests assert their right to a proportionate reduction of any damages found against them, based on the negligence attributable to any settling tortfeasor and/or any responsible third party.

## SIXTEENTH DEFENSE

Plaintiff's damages, if any, should be reduced due to the doctrines of depreciation and betterment.

## SEVENTEENTH DEFENSE

Any award that Plaintiff may receive in this matter, if any, which is denied, must be offset by the total amount of losses incurred to the Aruna Interests as the result of the surge event and the damage caused to the M/V ARUNA CENGIZ by Plaintiff's terminal equipment and dock on the day of the incident giving rise to this action.

## EIGHTEENTH DEFENSE

The incident was caused by the negligence and failure of the *M/T Eagle Louisiana* to, among others, safely navigate the Intracoastal Waterway adjoining the Pabtex Terminal in violation of the applicable rules of the road and navigation, custom, good seamanship, and as would have been consistent with the exercise of reasonable care.

## NINETEENTH DEFENSE

The Aruna Interests are entitled to and invoke the Rules or Presumptions of *The Pennsylvania* in that the *M/T Eagle Louisiana* is guilty of statutory fault or violations of the Rules of the Road leading to the surge event. *The Pennsylvania*, 86 U.S. 125 (1873).

## TWENTIETH DEFENSE

The incident and damages complained of in the Complaint, which are denied, were due to force majeure or Act of God for which the Aruna Interests have no liability.

## TWENTYFIRST DEFENSE

The Aruna Interests reserve the right to add affirmative defenses as it deems necessary to its defense during or upon completion of discovery and/or to assert any defenses asserted by any other defendants and/or allowed by applicable law, and/or to file incidental demands, third-party complaints, counterclaims, and cross claims as further information and facts become available.

**WHEREFORE**, Star Maritime Inc., on behalf of itself and pursuant to its Statement of Right or Interest as owner of the M/V ARUNA CENGIZ, as the registered owner of *in rem* defendant, M/V ARUNA CENGIZ, her engines, tackle, etc., and Aruna Shipping Ltd. Corp. pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment in defendants' favor and against Plaintiff Pabtex, Inc. dismissing Plaintiff's claims *with prejudice*, at Plaintiff's cost, and finding that defendants are not liable to any individual or entity, and for such other legal, general, and equitable relief as may be appropriate under the law.

## COUNTERCLAIM

Counterclaimants Star Maritime Inc. ("Star"), on behalf of itself, *in personam*, and pursuant to its Statement of Right or Interest as owner of the M/V ARUNA CENGIZ, as the registered owner of *in rem* defendant, M/V ARUNA CENGIZ, IMO No. 9552331, her engines, tackle, etc. ("ARUNA" or "Vessel"), and Aruna Shipping Ltd. Corp., *in personam* ("Aruna Shipping," collectively with Star and the Vessel, the "Aruna Interests"), counterclaims against Pabtex, Inc. and alleges, upon information and belief, as follows:

1. This counterclaim is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and jurisdiction is proper under 28 U.S.C. § 1333, because its subject matter derives from the same facts and circumstances alleged in Plaintiff Pabtex, Inc.'s Verified Original Complaint ("Complaint") against the Aruna Interests; and it addresses maritime tort claims arising from an allision between a vessel and a terminal on navigable waters in Port Arthur, Texas. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over the claim asserted herein because it arises out of the same facts and circumstances as the claims asserted in the above-captioned litigation and Complaint, and they are so related to the claims asserted that they form part of the same case and controversy.

2. Made counterclaim plaintiffs herein are the Aruna Interests.

3. Made counterclaim defendant herein is Pabtex.

4. At all relevant times, Pabtex owned and/or controlled the Pabtex terminal and dock located on the Intracoastal Waterway in Port Arthur, Texas (the "Terminal").

5. At all relevant times, Pabtex owned and/or controlled the ship loading equipment, including a gantry-based ship loader at the Terminal.

6. On March 18, 2024, the ARUNA was docked and loading cargo at the Terminal.

7. Upon information and belief, on March 18, 2024, the M/T EAGLE LOUISIANA (IMO #9518892) (the "EAGLE") passed the Terminal and the ARUNA in a manner that either created or magnified a current, swell, surge, or other hydrodynamic occurrence or effect.

8. Upon information and belief, Pabtex, its employees, agents, representatives, and/or anyone else for whom Plaintiff was responsible:

   a) failed to properly man, operate, or control the Terminal and/or the ship loading equipment, including the gantry-based ship loader;

   b) failed to properly train, supervise, or instruct its personnel at the Terminal;

   c) failed to enact or follow procedures, policies, best practices, customs and/or applicable rules, regulations, and good seamanship;

   d) failed to exercise due care in conducting the loading operations at the time of the incident;

   e) failed to adequately consider berthed vessels, shore operations, the circumstances present at the time, the effect of passing vessels, as well as other attendant circumstances so as not to create an unreasonable risk of damage;

   f) breached their warranty of workmanlike performance in providing wharfage and loading cargo.

9. Upon information and belief, the Terminal and its equipment, including the ship loader, were deficient, in disrepair, outdated, inoperable, or otherwise inadequate or improperly designed or constructed, and Pabtex failed to exercise reasonable care in inspecting, maintaining, or making the Terminal and its equipment safe and fit for the operations at the Terminal at the time

of the incident, including for purposes of receiving, berthing, keeping safe, or loading/unloading the ARUNA.

10. Upon information and belief, the negligence of Pabtex, their employees, agents, representatives, or entities for whom they are responsible, and/or the condition of the Terminal, caused or contributed to the ARUNA's movement at berth, breaking of her mooring lines, the effect of the surge, and the resulting contact between the Vessel and the Pabtex Terminal, including the ship loader.

11. The contact with the Terminal, including the Pabtex ship loader, caused damage to the ARUNA, including her deck and hatch which was struck by the ship loader several times.

12. The incident on March 18, 2024, including the damage to the ARUNA, also caused delays to Vessel operations and economic damages, including losses associated with the use of additional bunker fuel, the prolonged stay in port, repairs, lost revenue, and other delay damages.

13. The total damages proximately caused by Plaintiff's negligence are those asserted by Plaintiff in its own Complaint as well as the Aruna Interests' damages, which are in excess of $800,000.

### COUNT 1: MARITIME NEGLIGENCE AGAINST PLAINTIFF PABTEX, INC. FOR THE DAMAGES CAUSED TO THE ARUNA

14. The Aruna Interests re-allege and incorporate herein the prior allegations in Articles 1-13.

15. The Aruna Interests assert this claim against Pabtex, Inc. for its negligence, and the negligence of its employees, agents, representatives, and anyone else for whom Pabtex is

responsible, which proximately caused physical damage and consequential losses to the Aruna Interests.

16. Pabtex owed a legal duty to the Aruna Interests to exercise reasonable care in designing, constructing, preparing, inspecting, maintaining, manning, controlling, and/or operating the Terminal and its equipment as well as in training, supervising, and/or directing the Pabtex's personnel. Pabtex also owed a legal duty to the Aruna Interests to keep the ARUNA safe from current, swell, and other hydrodynamic effects in the adjoining Intracoastal Waterway, and damage caused by the Terminal, its equipment, and its operations. Pabtex further owed a legal duty to provide a Terminal that was fit to receive, keep safe, berth, and load/unload the ARUNA, including at times when vessels passed in the adjoining Intracoastal Waterway.

17. Upon information and belief, the Pabtex breached its duty to the Aruna Interests by failing to exercise reasonable care in the manner that the Terminal, including its equipment, was designed, constructed, prepared, inspected, maintained, manned, controlled, and/or operated, and Pabtex's personnel trained, supervised, and/or directed, when the ARUNA was berthed alongside it, which foreseeably either created or magnified the effect of any current, swell, surge, or other hydrodynamic effect that resulted in or contributed to the movement caused to the ARUNA, the breaking of her moorings, and all resulting and related losses, when the Terminal equipment damaged the ARUNA.

18. Pabtex's negligence proximately caused or contributed to the effect of the surge on the ARUNA, including her movement at berth and the breaking of her moorings, as well as the ARUNA's contact with shore equipment and the Terminal, including the ship loader, which

proximately caused damage to the ARUNA and economic losses, resulting in excess of $800,000 in damages to the Aruna Interests.

**PRAYER**

For the reasons set out herein, Star Maritime Inc., on behalf of itself, and pursuant to its Statement of Right or Interest as owner of the M/V ARUNA CENGIZ, as the registered owner of the M/V ARUNA CENGIZ, her engines, tackle, etc., and Aruna Shipping Ltd. Corp., pray that a copy of this Counterclaim be served upon Counterclaim Defendant Pabtex, Inc., and that this First Amended Answer and Counterclaim be deemed good and sufficient, and after all due proceedings be had, this Court enter judgment in favor of Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ, and against Pabtex, Inc., and order the following relief:

  a. That Pabtex Inc.'s Complaint be dismissed as to Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ, together with costs and expenses incurred in defense of this action;

  b. That the Court adjudge that Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ have no liability for any of the matters alleged in Pabtex Inc.'s Complaint;

  c. For an award of Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ's damages as a result of the incident that forms the basis for this matter;

  d. For an award of Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ's legal fees and cost disbursements incurred herein;

  e. For an award of Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ's interest owed on all sums awarded, including pre-judgment interest; and

  f. For an award of all such other, further, and different relief as may be deemed just, proper, and equitable.

The Aruna Interests further seek relief under any available theory whether or not specifically indicated herein as allowed by law.

Respectfully submitted,

*/s/Raymond T. Waid*
David L. Reisman
Attorney in Charge
State Bar No. 24039691
Fed. ID No. 3591037
Raymond T. Waid
Fed. ID No. 1020322
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: dreisman@liskow.com
Email: rwaid@liskow.com

Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
Email: jspatzwall@liskow.com

**ATTORNEYS FOR STAR MARITIME INC. AND ARUNA SHIPPING LTD. CORP.,** *in personam*, **AND THE M/V ARUNA CENGIZ, HER ENGINES, TACKLE, ETC.,** *in rem*.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing First Amended Answer to Plaintiff's Verified Original Complaint and Counterclaim on June 28, 2024, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the electronic case filing system of the United States District Court For The Southern District Of Texas, Galveston Division.

>   */s/Raymond T. Waid*
>   *Raymond T. Waid*