United States Courts
Southern District of Texas
FILED

*07/01/2024*

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **PABTEX, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 3:24-CV-84** |
| | § | |
| **VS.** | § | |
| | § | |
| **M/V ARUNA CENGIZ, HER** | § | |
| **ENGINES, MACHINERY, TACKLE,** | § | **IN ADMIRALTY** |
| **APPURTENANCES, APPAREL, ETC.,** | § | **FED. R. CIV. P. 9(h)** |
| *in rem*, | § | |
| | § | |
| **STAR MARITIME INC., and** | § | |
| **ARUNA SHIPPING LTD CORP** | § | |
| *in personam* | § | |
| | § | |
| **Defendants.** | § | |

**THE ARUNA INTERESTS'
VERIFIED THIRD-PARTY COMPLAINT**

NOW COME, Star Maritime Inc. ("Star"), on behalf of itself *in personam*, and pursuant to its Statement of Right or Interest as owner of the M/V ARUNA CENGIZ, as the registered owner of *in rem* defendant, M/V ARUNA CENGIZ, IMO No. 9552331, her engines, tackle, etc. ("ARUNA" or "Vessel"), and Aruna Shipping Ltd. Corp., *in personam* ("Aruna Shipping," collectively with Star and the Vessel, the "Aruna Interests"), pursuant to Rules 14(a) and (c) of the Federal Rules of Civil Procedure, and file a third-party complaint and tender against the M/T EAGLE LOUISIANA, IMO No. 9518892, her engines, tackle, etc., *in rem* ("EL"), as well as against Eaglestar Shipmanagement S Pte ("Eaglestar") and AET MCV Alpha LLC, *in personam* ("AET," and all collectively, the "EL Interests"), and allege upon information and belief as follows:

<u>**JURISDICTION, PARTIES, AND VENUE**</u>

1.      This is a case of admiralty and maritime jurisdiction within the jurisdiction of the United States and this Honorable Court pursuant to Article III, Section 2 of the United States Constitution; 28 U.S.C. § 1333; and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims, and 46 U.S.C. § 31301(5)(B), because its subject matter derives from the same facts and circumstances alleged in Plaintiff Pabtex, Inc.'s ("Pabtex") primary action against the Aruna Interests; and it addresses maritime tort claims arising from an allision between a vessel and a terminal on navigable waters in Port Arthur, Texas. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims asserted in this Third-Party Complaint because the claims asserted herein arise out of the same facts and circumstances as the claims asserted in the above-captioned litigation, and they are so related to the claims asserted that they form part of the same case and controversy.

2.      Made third-party plaintiffs herein are the Aruna Interests: the ARUNA, a vessel that was berthed at the Pabtex Terminal in Port Arthur at the time of the events at issue in this action, and its owners and operators, Star and Aruna Shipping.

3.      Made third-party defendants herein are the EL Interests:

(A)      AET MCV Alpha LLC, *in personam*.  Upon information and belief, AET is, and at all relevant times was, the registered owner of the EL and a foreign company organized under the laws of Singapore, with an office at 15-07, The Metropolis Tower 2, 11, North Buona Vista Drive, Singapore 138589.

(B)      Eaglestar Shipmanagement S Pte, *in personam*.  Upon information and belief, Eaglestar is, and at all relevant times was, the operator of the EL and a foreign

company organized under the laws of Singapore with an office at 15-07, The
Metropolis Tower 2, 11, North Buona Vista Drive, Singapore 138589.

(C)     The M/T EAGLE LOUISIANA, and her engines, hull, tackle, apparel, bunkers,
furniture, etc., *in rem*.  Upon information and belief, the EL was at all relevant times
a documented vessel registered under the flag of the Marshall Islands and bearing
IMO no. 9518892, owned and/or operated by AET and Eaglestar, and is and was at
all relevant times engaged in maritime commerce on the navigable waters of the
United States.

4.      This Court has personal jurisdiction over Defendants AET, Eaglestar, and the EL,
because they engaged in business in Texas and because a substantial part of the events or omissions
giving rise to the claim occurred in Texas.

5.      Venue is proper in this district pursuant to Rule 82 of the Supplemental Rules of
Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and 28 U.S.C. §§
1390, 1391 because a substantial part of the events or omissions giving rise to the claims herein
occurred within the Southern District of Texas and the vessels are located within this District or
will during the pendency of this action be located within this District.

<u>**BACKGROUND**</u>

6.      In Plaintiff Pabtex's Verified Original Complaint ("Complaint"), Pabtex, the
purported owner of the Pabtex Terminal Dock located on the Intracoastal Waterway in Port Arthur,
Texas, seeks to recover from the Aruna Interests for the alleged damages and resulting loss caused
by an incident involving the ARUNA at Pabtex's terminal.

7.      Pabtex's Complaint alleges that on March 18, 2024, the ARUNA was docked and
loading cargo at the Pabtex terminal, when the ARUNA allegedly made contact with Pabtex's ship

loader resulting in damage to the ship loader, other equipment, and supporting structures. Pabtex contends that the ARUNA and its crew failed to properly secure and control the vessel as traffic in the channel adjoining the Pabtex Terminal caused the ARUNA to move at berth and cause the damage.

8.      Pabtex also alleges that the damage to the ship loader, other equipment, and supporting structures have caused the operations at the marine terminal to halt pending repairs.

9.      Pabtex asserts maritime law negligence claims against the Aruna Interests as well as an unseaworthiness claim against the ARUNA.

10.     Pabtex alleges it has suffered damages in an amount equal to or in excess of $5,000,000.00, plus interest, cost, and attorneys' fees.

<u>**ALLEGATIONS REGARDING THIRD-PARTY DEFENDANTS**</u>

11.     On March 18, 2024, the EL, at all relevant times navigated, crewed, managed, and controlled by AET and Eaglestar, was navigating outbound on the Intracoastal Waterway in Port Arthur, Texas, when the EL passed the Pabtex Terminal and the ARUNA, which was berthed at the Pabtex Terminal at the relevant time, leading up to and during the events that give rise to this action.

12.     Upon information and belief, the EL passed the Pabtex terminal and the ARUNA with excessive speed, dangerously close to the moored vessel, and in an otherwise negligent manner or in violation of applicable rules, regulations, customs, and good seamanship, or in a manner that either created or magnified a current, swell, surge, or other hydrodynamic occurrence or effect. The EL failed to navigate the Intracoastal Waterway with the appropriate caution, course, distance, and/or speed required under the circumstances.

13.     Upon information and belief, the EL's master and crew failed to properly stand watch, post a lookout, man the navigational equipment, or otherwise properly operate the EL.

14.     Upon information and belief, the EL's crew was insufficiently trained, supervised, and instructed, and her appurtenances and equipment were unmanned, deficient, inoperable, or inadequate.

15.     Upon information and belief, the negligence of the EL Interests and that of their employees, agents, representatives, or entities for whom they are responsible, and/or the unseaworthiness of the EL, caused the current, swell, surge, or other hydrodynamic occurrence or effect, which impacted the moored ARUNA and caused or contributed to the ARUNA's movement at berth and/or her breaking of her mooring lines and the alleged resulting contact with the Pabtex ship loader and the dock.

16.     The alleged contact with the Pabtex ship loader and the dock is alleged to have caused damage to Plaintiff's property as well as the ARUNA, including her deck and hatch which was impacted by the ship loader.

17.     The damage to the ARUNA also caused delay and consequential damages, including losses associated with the use of additional bunker fuel, the prolonged stay in port, and other damages arising from or related to the delay.

18.     The total damages proximately caused by the EL Interests' negligence and the unseaworthiness of the EL are those asserted by Plaintiff in the Complaint as well as the Aruna Interests' damages, which are in excess of $800,000, excluding prejudgment interest, attorney's fees, and costs.

19.     Under United States federal maritime law, the tortious conduct by the EL Interests gives rise to a maritime lien upon the EL in the amount of all damages caused by the maritime

tort(s).  See 46 U.S.C. § 31301(5)(B); *Club v. Beaufort*, No. CV 15-5718, 2016 WL 3020861, at *4 (E.D. La. May 26, 2016).

20.     Upon information and belief, the EL is presently, or will during the pendency of this action be, on the navigable waters of the United States within the jurisdiction of this Honorable Court, and subject to arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, to enforce Plaintiffs' maritime liens on the vessels.

### COUNT 1: THIRD-PARTY CLAIM UNDER RULE 14(A) FOR CONTRIBUTION & INDEMNITY FOR THE ARUNA INTERESTS' LIABILITY TO PLAINTIFF

21.     The Aruna Interests re-allege and incorporate herein the prior allegations in Paragraphs 1-20.

22.     At all relevant times, the ARUNA was owned by Star and operated by Aruna Shipping.

23.     At all relevant times, the Aruna Interests used due diligence to make the ARUNA in all respects tight, staunch, strong, fully and properly manned, equipped, maintained and supplied, and in all other respects seaworthy and fit for the service for which it was engaged.

24.     The subject incident was not caused or contributed to in any way by the fault, neglect, lack of due diligence or want of due care on the part of the Aruna Interests, the crew of the ARUNA, nor was the ARUNA in any way unseaworthy.

25.     Any and all losses and damages sustained as a result of the events at issue in this action were due to and/or caused by the fault, neglect, lack of due diligence, statutory/regulatory violations, unseaworthiness or want of due care of others for which the Aruna Interests are not responsible—specifically the EL Interests.

26.     While the Aruna Interests deny the allegations of the Plaintiff's Complaint, the Aruna Interests, as third-party plaintiffs, assert that they are entitled to be reimbursed by way of contribution, indemnity, or otherwise, by the EL Interests in the amount of any judgment that may be rendered herein in favor of Plaintiff or any other person against the Aruna Interests pursuant to Federal Rule of Civil Procedure 14(a).

**COUNT 2: THIRD-PARTY CLAIM UNDER RULE 14(C)
TENDER OF EL INTERESTS TO PLAINTIFF**

27.     The Aruna Interests re-allege and incorporate herein the prior allegations in Paragraphs 1-26.

28.     Pursuant to Fed. R. Civ. P. 14(c), the Aruna Interests tender Plaintiff's claims to the EL Interests, who are required to appear, answer, and defend such claims in the proceeding herein as if said claims had been filed against the EL Interests in the first instance, and the Aruna Interests demand that judgment be issued directly against the EL Interests for Plaintiff's claims to the extent Plaintiff is entitled to relief.

29.     At all relevant times, the Aruna Interests used due diligence to make the ARUNA in all respects tight, staunch, strong, fully and properly manned, equipped, maintained and supplied, and in all other respects seaworthy and fit for the service for which it was engaged.

30.     The subject incident was not caused or contributed to in any way by the fault, neglect, lack of due diligence or want of due care on the part of the Aruna Interests, the crew of the ARUNA, nor was the ARUNA in any way unseaworthy.

31.     Any and all losses and damages sustained as a result of the events at issue in this action were due to and/or caused by the fault, neglect, lack of due diligence, statutory/regulatory

violations, unseaworthiness or want of due care of others for which the Aruna Interests are not responsible—specifically the EL Interests.

32.     This Rule 14(c) tender is appropriate because the EL Interests are liable in whole or in part for the losses Plaintiff seeks from the Aruna Interests in the Complaint.

33.     To the extent Plaintiff is determined to be entitled to damages for its claims, if any, a judgment should be issued finding the EL Interests directly liable to Plaintiff for the EL Interests' negligence, fault, neglect, lack of due diligence, statutory/regulatory violations, unseaworthiness or want of due care of others for which they are responsible that caused or contributed to the alleged damages in Plaintiff's Complaint, or on any other theory of recovery that Plaintiff has asserted. The EL Interests should therefore be required to Answer and defend against the claims in Plaintiff's Complaint as if it had been sued directly.

### COUNT 3:  MARITIME NEGLIGENCE AGAINST AET AND EAGLESTAR, *IN PERSONAM*, AND THE *EL, IN REM,* FOR THE DAMAGES CAUSED TO THE ARUNA

34.     The Aruna Interests re-allege and incorporate herein the prior allegations in Paragraphs 1-33.

35.      The Aruna Interests, as third-party plaintiffs, and pursuant to Fed. R. Civ. P. 18, join and assert this claim against AET and Eaglestar, *in personam*, and the EL, *in rem*, for their negligent navigation of the EL when passing the ARUNA and negligent failure to make the EL seaworthy.

36.     This claim arises from the same incident as is the subject of the claims between Plaintiff Pabtex, Inc. and the Aruna Interests, is within the Court's admiralty jurisdiction, and otherwise properly asserted in this action.

37.     The EL Interests owed a legal duty to the Aruna Interests to exercise reasonable care when passing the ARUNA and the Pabtex terminal, adequately consider berthed vessels, shore

operations, the circumstances present at the time, the EL's own draft and speed, as well as other attendant circumstances so as not to damage other vessels, the dock, the terminal, or create a dangerous condition such as dangerous swells, a strong wake, or other unsafe hydrodynamic effects threatening moored vessels.  The EL Interests further owed a legal duty to the Aruna Interests to exercise reasonable care to provide a seaworthy vessel.

38.     The EL Interests breached their duty to the Aruna Interests by failing to exercise reasonable care in the manner that the EL passed by the ARUNA and the Pabtex terminal, which foreseeably either created or magnified a current, swell, surge, or other hydrodynamic effect or otherwise resulted in or contributed to the movement caused to the ARUNA and the breaking of her moorings and all resulting and related losses.

39.     Upon information and belief, leading up to and during the events at issue in this action, the EL violated the rules of the road and/or federal regulations designed to prevent maritime accidents such as the contact between the ARUNA and the Pabtex terminal. Such violations constitute negligence. Upon information and belief, because the EL violated federal regulations designed to prevent maritime accidents, the violations are presumed to be the cause of Plaintiff's and the Aruna Interests damages. *SCF Waxler Marine LLC v. M/V ARIS T*, 427 F. Supp. 3d 728, 759-60 (E.D. La. 2019), *aff'd sub nom. SCF Waxler Marine, L.L.C. v. Aris T M/V*, 24 F.4th 458 (5th Cir. 2022) ("In such a case the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been.") (*citing the Pennsylvania*, 86 U.S. 125, 136 (1874)).

40.     Upon information and belief, because the ARUNA was properly moored, the EL is a passing vessel, and its wake caused damage to a properly moored vessel, the EL is presumed at fault for the incident. *Combo Mar., Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 606

(5th Cir. 2010).

41.     Upon information and belief, the EL Interests failed to exercise reasonable care in providing a seaworthy vessel and the EL was not reasonably fit for its intended purpose, that is to safely navigate the Intracoastal Waterway and safely pass by the moored ARUNA and the Pabtex Terminal.  Upon information and belief, the crew of the EL was insufficiently trained, supervised, and/or instructed; and the EL was insufficiently crewed at the time of the Incident, her appurtenances and equipment were unmanned, deficient, inoperable, or inadequate, or the EL was otherwise unseaworthy.

42.     AET, Eaglestar, and the EL's negligence caused or contributed to the ARUNA's movement and her moorings to break, which proximately caused damage to the ARUNA and Plaintiff's property at the terminal, resulting in excess of $800,000 in damages for the Aruna Interests.

## **PRAYER**

WHEREFORE, Star Maritime Inc., on behalf of itself and pursuant to its Statement of Right or Interest as owner of the M/V ARUNA CENGIZ, as the registered owner of *in rem* defendant, M/V ARUNA CENGIZ, her engines, tackle, etc., and Aruna Shipping Ltd. Corp. pray:

a)  That process in due form of law issue from this Honorable Court instructing the United States Marshal for this District to issue and effect a warrant for arrest for the M/T EAGLE LOUISIANA, *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure;

b)  That the United States Marshal for this District arrest the said vessels and maintain custody over the vessels until such time as claimant thereto posts security sufficient in form and amount to secure plaintiff's and third-party plaintiff's claims herein;

c)  That those claiming an interest in the said vessels be required to file a claim to the said vessels and answer, all and singular, the allegations of this Verified Third-Party Complaint and Plaintiff's Complaint;

d) That process in due form of law issue against defendant AET MCV Alpha LLC, *in personam,* being the persons, firms, or corporations who were the owners, managers, operators, charterers, caretakers, or custodians of the Vessel M/T EAGLE LOUISIANA at the times involved, citing AET MCV Alpha LLC to appear and answer all and singular matters aforesaid;

e) That process in due form of law issue against defendant Eaglestar Shipmanagement S Pte, *in personam* being the persons, firms, or corporations who were the owners, managers, operators, charterers, caretakers, or custodians of the Vessel M/T EAGLE LOUISIANA at the times involved, citing Eaglestar Shipmanagement S Pte to appear and answer all and singular matters aforesaid;

f) That after further proceedings, the M/T EAGLE LOUISIANA be condemned and sold to satisfy the claims asserted herein by third-party plaintiffs and plaintiffs, or, alternatively, that third-party plaintiffs and plaintiffs have satisfaction of their claims out of the security, if any, posted to secure the vessel's release;

g) That all rights of third-party plaintiffs, Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ to move this Court for issuance of a warrant for arrest of any vessel be reserved and maintained;

h) That Plaintiff's Complaint be dismissed as to Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ, together with costs and expenses incurred in defense of this action;

i) That the Court adjudge that Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ have no liability for any of the matters alleged in Plaintiff's Complaint;

j) That AET MCV Alpha LLC, Eaglestar Shipmanagement S Pte, and the M/T EAGLE LOUISIANA be required to answer directly the claims of Plaintiff and that if judgment is rendered in favor of Plaintiff, such judgment be rendered directly against AET MCV Alpha LLC, Eaglestar Shipmanagement S Pte, and the M/T EAGLE LOUISIANA pursuant to Federal Rule of Civil Procedure 14(c);

k) That AET MCV Alpha LLC, Eaglestar Shipmanagement S Pte, and the M/T EAGLE LOUISIANA be required to indemnify Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ for any and all liability Star Maritime Inc., Aruna Shipping Ltd. Corp., or the M/V ARUNA CENGIZ may be adjudged to have to Plaintiff herein, and/or any judgment entered against them in favor of Plaintiff, including their costs and attorneys' fees incurred in the defense of the claims in Plaintiff's Complaint herein;

l) For an award of Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ's damages as a result of the incident that forms the basis for this matter;

m) For an award of Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ's legal fees and cost disbursements incurred herein;

n) For an award of Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ's interest owed on all sums awarded, including pre-judgment interest; and

o) That this Verified Third-Party Complaint be deemed good and sufficient, and after all due proceedings be had, judgment is entered in favor of third-party plaintiffs and that Star Maritime Inc., Aruna Shipping Ltd. Corp., and the M/V ARUNA CENGIZ be awarded such other, further and different relief as may be deemed just, proper, and equitable in the premises.

The Aruna Interests seek relief under any available theory whether or not specifically indicated herein.

Respectfully submitted,

*/s/Raymond T. Waid*
David L. Reisman
Attorney in Charge
State Bar No. 24039691
Fed. ID No. 3591037
Raymond T. Waid
Fed. ID No. 1020322
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: dreisman@liskow.com
Email: rwaid@liskow.com

Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile:  (713) 651-2908
Email:  jspatzwall@liskow.com

**ATTORNEYS FOR STAR MARITIME INC. AND ARUNA SHIPPING LTD. CORP.,** ***in personam*, AND THE M/V ARUNA CENGIZ, HER ENGINES, TACKLE, ETC.,** ***in rem.***

**WITHOLD SERVICE OF PROCESS *IN REM* WITH REGARD TO THE *M/T EAGLE LOUISIANA* (IMO No. 9518892), her engines, tackle, etc.**

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing on June 28, 2024, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the electronic case filing system of the United States District Court For The Southern District Of Texas, Galveston Division.

*/s/Raymond T. Waid*
Raymond T. Waid

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **PABTEX, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 3:24-CV-84** |
| | § | |
| **VS.** | § | |
| | § | |
| **M/V ARUNA CENGIZ, HER** | § | |
| **ENGINES, MACHINERY, TACKLE,** | § | **IN ADMIRALTY** |
| **APPURTENANCES, APPAREL, ETC.,** | § | **FED. R. CIV. P. 9(h)** |
| *in rem*, | § | |
| | § | |
| **STAR MARITIME INC., and** | § | |
| **ARUNA SHIPPING LTD CORP** | § | |
| *in personam* | § | |
| | § | |
| **Defendants.** | § | |

## <u>VERIFICATION</u>

**STATE OF LOUISIANA
PARISH OF ORLEANS**

I, Raymond T. Waid, a person of the full age of majority, and competent to testify,

declare under the penalty of perjury under the laws of the United States of America pursuant to

28 U.S.C. § 1746, that the following statements are true and correct:

1. I am an attorney for third-party plaintiffs, Star Maritime Inc. and Aruna Shipping Ltd. Corp., *in personam*, and the M/V ARUNA CENGIZ, her engines, tackle, etc., *in rem*;

2. I have read the foregoing Verified Third-Party Complaint and affirm, upon information and belief, that the contents are true and correct; and

3. The sources of my belief are information given to me and documents given to me by Star Maritime Inc. and/or its affiliates.


[SIGNATURE ON FOLLOWING PAGE]

-14-

Executed, this  28th day of June, 2024

_____
Raymond T. Waid
*Counsel for Star Maritime Inc. and Aruna Shipping*
*Ltd. Corp., In Personam, And The M/V ARUNA*
*CENGIZ, Her Engines, Tackle, Etc., In Rem.*